**THE SIMON LAW GROUP, LLP**
Robert T. Simon, Esq. (SBN 238095)
Greg A. Jackson, Esq. (SBN 318829)
2916 W. 164th Street, Torrance, CA 90504
Telephone: (310) 914-5400 / Facsimile: (310) 914-5401
E-mail: teamoc@justiceteam.com
Attorneys for Plaintiff Carlos Jimenez

THE SIMON LAW GROUP, LLP
2916 W. 164th Street
Torrance, CA 90504
Tel: 310-914-5400 – Fax: 310-914-5401

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

**CARLOS JIMENEZ, an individual;**

**Plaintiff,**

**v.**

**UNITED STATES OF AMERICA; EUSEBIO ORTIZ, an individual; N. Jimenez, an individual; S. Cosey, an individual; ESTEVAN R. BANUELOS, an individual; COUNTY OF SAN BERNARDINO, a public entity; and DOES 1 through 20, inclusive,**

**Defendants.**

Case No.:

**COMPLAINT FOR DAMAGES FOR:**

1. Fourth Amendment – Unreasonable Seizure (*Bivens*)
2. Fourth Amendment – Excessive/Unreasonable Force/Invasion of Bodily Integrity (*Bivens*)
3. Assault (FTCA)
4. Battery (FTCA)
5. False Arrest / False Imprisonment (FTCA)
6. Malicious Prosecution (FTCA)
7. Abuse of Process (FTCA)
8. Negligence (FTCA)
9. Intentional Infliction of Emotional Distress (FTCA)
10. California Bane Act - Cal. Civ. Code § 52.1/Article I, Section 13 of the California Constitution (FTCA)
11. Failure to Provide Medical Care / Condition of Confinement (42 U.S.C. § 1983, 14th Amendment)
12. Failure to Summon/Furnish/Provide Immediate Medical Care (Cal. Gov. Code § 845.6)
13. Medical Negligence

**JURY TRIAL DEMANDED**

(On all claims except the Federal Tort Claims Act claims against the United States, which are triable to the Court)

**COMES NOW**, Plaintiff CARLOS JIMENEZ, by and through his counsel of record, The Simon Law Group, LLP, and for causes of action against Defendants UNITED STATES OF AMERICA ("United States"), Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations ("ERO") Officer Eusebio Ortiz, Customs and Border Protection ("CBP") Office of Field Operations ("OFO") Officer N. Jimenez whose true and full name and identity is currently unknown, CBP OFO Officer S. Cosey whose true and full name and identity is currently unknown, Federal Bureau of Investigation ("FBI") Special Agent Estevan R. Banuelos, COUNTY OF SAN BERNARDINO, a public entity ("County"), and DOES 1 through 20, inclusive (collectively "Defendants") and hereby allege and complain as follows:

THE SIMON LAW GROUP, LLP
2916 W. 164th Street
Torrance, CA 90504
Tel: 310-914-5400 – Fax: 310-914-5401

## JURISDICTION AND VENUE

1. This Complaint is for damages arising out of a federal immigration operation and the wrongful shooting of Plaintiff Carlos Jimenez, his wrongful arrest and prosecution, and the denial of medical care while he was held in the custody of the County of San Bernardino. This action is brought under the Federal Tort Claims Act (hereinafter "FTCA"), the United States Constitution, 42 U.S.C. § 1983, and California law.

2. This Court has exclusive jurisdiction over the FTCA counts pursuant to 28 U.S.C. § 1346(b)(1). The United States has waived sovereign immunity for tortious acts of federal employees acting within the scope of their employment, measured by California law, under 28 U.S.C. §§ 2671–2680.

3. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over the Fourth Amendment unreasonable-seizure and excessive-force claims asserted against the individual federal agent Defendants pursuant to *Bivens v. Six*

THE SIMON LAW GROUP, LLP
2916 W. 164th Street
Torrance, CA 90504
Tel: 310-914-5400 – Fax: 310-914-5401

*Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)–(4) over the 42 U.S.C. § 1983 Fourteenth Amendment claim asserted against Defendant County of San Bernardino.

4. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Plaintiff's California claims, including the Bane Act, Cal. Gov. Code § 845.6, and medical negligence, as those claims form part of the same case or controversy as the federal claims alleged herein.

5. The intentional-tort exception to sovereign immunity under 28 U.S.C. § 2680(h) expressly preserves FTCA liability for acts of assault, battery, false imprisonment, false arrest, abuse of process, and malicious prosecution committed by investigative or law-enforcement officers of the United States, including officers of ICE, CBP, HSI, and FBI. The FTCA intentional-tort counts herein, including the abuse of process and malicious prosecution counts, fall within this section.

6. Venue is proper in the United States District Court for the Central District of California, Eastern Division, pursuant to 28 U.S.C. §§ 1391(b)(2), 1391(e)(1), and 28 U.S.C. § 1402(b), because a substantial part of the events giving rise to the claims occurred in San Bernardino County, California, specifically in the City of Ontario, within the Eastern Division of this District, and Plaintiff resides in Ontario, San Bernardino County, California.

## **ADMINISTRATIVE EXHAUSTION**

7. Pursuant to 28 U.S.C. § 2675, Plaintiff presented his administrative tort claims (Standard Form 95) to the appropriate agencies of the United States, including CBP, ICE, DHS, and the FBI on or about April 24, 2026. No written denial has been received from any agency. More than six (6) months have elapsed since presentment without a final disposition by any agency, and Plaintiff is therefore authorized to deem the claims denied and to commence this action pursuant to 28 U.S.C. § 2675(a).

8. Pursuant to the California Government Claims Act, Cal. Gov. Code §§ 910, 911.2, 945.4, and 945.6, Plaintiff timely presented a government tort claim to Defendant County of San Bernardino on or about April 24, 2026 (Carlos Jimenez, County File No. 153741). The County rejected the claim on or about May 13, 2026. This action is filed within six months of that rejection and is therefore timely under Cal. Gov. Code § 945.6.

**PARTIES**

9. Plaintiff CARLOS JIMENEZ (hereinafter "Carlos") is a United States citizen who, at all times complained of in this action, resided in Ontario, San Bernardino County, California. At the time of the incident, Carlos was on his way to his job at a food pantry, where he worked as a donation coordinator. Carlos has three young children with his partner, Marina Marissa Gutierrrez. Carlos has no criminal history whatsoever other than the charge arising from the incident described in this Complaint, which was dismissed with prejudice on or about November 2, 2026.

10. Defendant UNITED STATES OF AMERICA (hereinafter "United States") is a sovereign nation that has waived its sovereign immunity for the claims Plaintiff asserts against it. United States is sued solely in its capacity as the statutory defendant under the FTCA, 28 U.S.C. § 1346(b), and as an appropriate defendant for the California civil-rights counts to the extent a private person would be liable under California law. At all times complained of herein, Defendant United States controlled, directed, and otherwise oversaw ICE, CBP, HSI, and FBI, and employed the law enforcement officers named herein, including those law enforcement officers whose true names are unknown at this time, each of whom was acting under color of federal law and within the course and scope of his or her employment with respect to the conduct about which Plaintiff complains.

11. Defendant EUSEBIO ORTIZ ("Ortiz") is an individual and, at all relevant times, was an ICE Enforcement and Removal Operations ("ERO") Deportation Officer. Ortiz is the agent who drew his firearm, threatened Carlos, and

THE SIMON LAW GROUP, LLP
2916 W. 164th Street
Torrance, CA 90504
Tel: 310-914-5400 – Fax: 310-914-5401

fired the shot that struck Carlos. Ortiz is sued in his individual capacity for the *Bivens* and Bane Act counts.

12. Defendant N. Jimenez is an individual and, at all relevant times, was a CBP Office of Field Operations ("OFO") Officer. N. Jimenez's true full name is presently unknown; she is identified in these proceedings by initials as used in the administrative claims and in the criminal complaint filed against Carlos, in which she is named as the "victim" officer. N. Jimenez is sued in her individual capacity for the Bane Act count. Plaintiff will seek leave to amend to insert N. Jimenez's true name when it has been ascertained through discovery. N. Jimenez is also designated herein as DOE 1.

13. Defendant S. Cosey is an individual and, at all relevant times, was a CBP OFO Officer. S. Cosey's true full name is presently unknown; she or he is identified in these proceedings by initials as used in the administrative claims. S. Cosey is sued in his or her individual capacity for the Bane Act count. Plaintiff will seek leave to amend to insert S.C.'s true name when it has been ascertained through discovery. S. Cosey is also designated herein as DOE 2.

14. Defendant ESTEVAN R. BANUELOS ("Banuelos") is an individual and, at all relevant times, was a Special Agent with the FBI. Banuelos authored a fabricated FBI report of investigation (Form FD-302, File No. 343U-LA-4155543) on or about November 13, 2025, attributing false witness statements to nearby residents Manuel Villareal and Beatrice Morales in support of the criminal charge against Carlos that Defendant Banuelos allegedly obtained on November 6, 2025. Banuelos participated in the federal law-enforcement investigation and in the seizure and arrest of Carlos, and acted to procure, maintain, and conceal the wrongful conduct and prosecution described herein. Banuelos is sued in his individual capacity for the Bane Act count.

15. Defendant COUNTY OF SAN BERNARDINO ("County") is a public entity that owns, operates, and controls the jail West Valley Detention Center, through its Sheriff's Department, and is responsible for the care of pretrial detainees

THE SIMON LAW GROUP, LLP
2916 W. 164th Street
Torrance, CA 90504
Tel: 310-914-5400 – Fax: 310-914-5401

held there, including through any medical providers with whom it contracts. The County is liable for the acts and omissions of its employees under Cal. Gov. Code §§ 815.2 and 820, and under 42 U.S.C. § 1983 for its policies, customs, and practices.

16. Defendants DOES 1 through 10 are additional federal participants whose identities are currently unknown to Plaintiff, who participated in or ratified the unlawful conduct described herein. Defendants DOES 11 through 20 are County of San Bernardino Sheriff's deputies, jail staff, and medical personnel at West Valley Detention Center whose identities are currently unknown to Plaintiff, who denied or delayed Carlos's medical care as described herein. Plaintiff will seek leave to amend to insert the true names of the Doe Defendants when ascertained through discovery.

17. At all times relevant herein, Defendants Ortiz, N. Jimenez, S. Cosey, Banuelos, and DOES 1 through 10, inclusive, were employees, officers, and agents of the United States, acting under color of federal law and within the course and scope of their employment with ICE, CBP, HSI, and the FBI, respectively. Their acts and omissions are attributable to the United States for purposes of the FTCA, including the malicious-prosecution count; for purposes of the *Bivens* and Bane Act counts, each individual federal defendant acted under color of federal law and in his or her individual capacity. At all times relevant herein, Defendants DOES 11 through 20 were employees, deputies, and agents of Defendant County of San Bernardino, acting under color of state law and within the course and scope of their employment with the County.

## GENERAL FACTS REGARDING CBP USE OF FORCE POLICIES

18. Following mounting allegations of unwarranted violence and shootings by CBP Officers/Agents between 2010 and 2012, Congress ordered an investigation of CBP Use of Force policies and practices. This investigation included an internal assessment by CBP, a review by the Office of Inspector General (hereinafter referred to as "OIG"), and an independent evaluation by the Police Executive

THE SIMON LAW GROUP, LLP
2916 W. 164th Street
Torrance, CA 90504
Tel: 310-914-5400 – Fax: 310-914-5401

THE SIMON LAW GROUP, LLP
2916 W. 164th Street
Torrance, CA 90504
Tel: 310-914-5400 – Fax: 310-914-5401

Research Forum (hereinafter referred to as "PERF"). PERF is an independent research organization founded in 1976 that focuses on critical issues in policing, such as use of force. The investigations and evaluations were completed in 2013.

19. PERF's investigation, titled U.S. Customs and Border Protection Use of Force Review: Cases and Policies concluded in February 2013. PERF's investigation found significant concerns involving CBP Officers/Agents, including but not limited to conclusions that CBP Officers/Agents repeatedly "intentionally put themselves into the exit path of" vehicles attempting to flee, "thereby exposing themselves to additional risk and creating justification for the use of deadly force."[1]

20. In addition to CBP Officers/Agents manufacturing justification to use deadly force, even in 2013 it was already widespread policy amongst law enforcement agencies not to shoot at a moving vehicle and thereby potentially create an uncontrolled missile weighing several thousand pounds that endangers the public and the Officers/Agents. As PERF noted, "it appears that CBP practice allows shooting at the driver of any suspect vehicle that comes in the direction of agents…it should be recognized that a ½ ounce (200 grain) bullet is unlikely to stop a 4,000 pound moving vehicle, and if the driver of the approaching vehicle is disabled by a bullet, the vehicle will become a totally unguided threat. Obviously, shooting at a moving vehicle can pose a risk to bystanders including other agents."[2]

21. PERF further concluded that "[t]he cases suggest that some of the shots at suspect vehicles are taken out of frustration when agents who are on foot have no other way of detaining suspects who are fleeing in a vehicle. Most reviewed cases involved non-violent suspects who posed no threat other than a moving vehicle. There is little doubt that the safest course for an agent faced with an oncoming vehicle is to get out of the way of the vehicle."[3]

22. Ultimately, PERF recommended that CBP Use of Force Policy should explicitly state that "[a]gents shall not discharge their firearms at or from a moving

[1] https://www.cbp.gov/sites/default/files/documents/PERFReport.pdf
[2] *Id.*
[3] *Id.*

THE SIMON LAW GROUP, LLP
2916 W. 164th Street
Torrance, CA 90504
Tel: 310-914-5400 – Fax: 310-914-5401

vehicle unless deadly force is being used against the police officer or another person present, by means other than a moving vehicle" and "[o]fficers/agents should avoid standing directly in front of, behind, or beside a suspect vehicle and should not intentionally use their body to block the suspect vehicle. The likelihood of injury to the officer/agent substantially increases when using these dangerous and rarely effective tactics. **Officers/agents should strive to move out of the way rather than into the path of vehicles**."[4]

23. Then-Chief of CBP Michael Fisher subsequently issued a new directive titled "Use of Safe Tactics and Techniques" on March 7, 2014, directing that "agents shall not discharge their firearms at a moving vehicle unless the agent has a reasonable belief, based on the totality of the circumstances that deadly force is being used against an agent or another person present; **such deadly force** may include a moving vehicle aimed at agents or others present, but **would not include a moving vehicle merely fleeing from agents**. Further, **agents should not place themselves in the path of a moving vehicle or use their body to block a vehicle's path**."[5]

24. This policy has been enshrined within CBP's Use of Force Policy since 2014, and has been in effect at all times complained of in this action. The current active CBP Use of Force Policy includes directives that "[a]uthorized Officers/Agents should avoid standing directly in front of or behind a subject vehicle. Officers/agents should not place themselves in the path of a moving vehicle or use their body to block a vehicle's path," "[a]uthorized Officers/agents should avoid intentionally and unreasonably placing themselves in positions in which they have no alternative to using deadly force," "[d]eadly force shall not be used solely to prevent the escape of a fleeing subject," and "[a]uthorized Officers/Agents shall not

---

[4] *Id.* (bold in original)
[5] https://www.cbp.gov/sites/default/files/documents/Use%20of%20Safe%20Tactics%20and%20Techniques.pdf (emphasis added)

THE SIMON LAW GROUP, LLP
2916 W. 164th Street
Torrance, CA 90504
Tel: 310-914-5400 – Fax: 310-914-5401

discharge their firearms at the operator of a moving vehicle" where the "moving vehicle [is] merely fleeing from officers/agents…"[6]

25. At all times complained of herein, Defendant ORTIZ violated each of these Use of Force directives by unreasonably using deadly force against Carlos who posed no threat to either any of the Defendants or the public.

## FACTUAL ALLEGATIONS

### THE IMMIGRATION OPERATION AND THE UNLAWFUL SHOOTING — OCTOBER 30, 2025

26. Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

27. On October 30, 2025, between approximately 6:15 a.m. and 7:00 a.m., in the 2800 block of South Vineyard Avenue, Ontario, San Bernardino County, California, masked ICE ERO and CBP OFO agents, including Defendants Ortiz, N. Jimenez, and S. Cosey, were conducting a planned DHS immigration enforcement operation. The agents wore vests marked "CBP," "POLICE," "ERO," and "IMMIGRATION CUSTOMS ENFORCEMENT," and operated unmarked government vehicles equipped with red and blue lights and sirens.

28. Carlos, a United States citizen, was not a subject or target of the operation. He was driving by and approached the officers calmly and slowly for the sole purpose of warning them that neighborhood children would soon be arriving at a bus stop immediately adjacent to the detention operation being conducted. Carlos posed no threat to anyone.

29. Defendant Ortiz thereafter immediately pointed his firearm at Carlos's face while Carlos was inside his vehicle, cursed at him, and threatened to "shoot [him] if [he] did not leave." Ortiz then holstered his firearm and brandished pepper spray. The audio of this interaction was recorded by Ortiz's radio.

30. Carlos complied with Ortiz's order to leave and attempted a three-point turn because his path of travel was blocked by the officers' vehicles which were

[6] https://www.cbp.gov/sites/default/files/2024-09/exhibit_09_-_cbp_use_of_force_policy_final_jan_2021.pdf

THE SIMON LAW GROUP, LLP
2916 W. 164th Street
Torrance, CA 90504
Tel: 310-914-5400 – Fax: 310-914-5401

stopped in the roadway, including an ICE vehicle positioned at approximately a forty-five-degree angle.

31. As Carlos maneuvered to comply and leave, after he had already started driving forward and to the left of the officers, without any warning Defendant Ortiz fired multiple gunshots at Carlos's vehicle through the rear passenger window. A bullet struck Carlos in the back and upper right shoulder, and Carlos began bleeding inside his vehicle.

32. No officer was in Carlos's path of travel at the time Ortiz fired his weapon; Carlos had already complied with the order to leave, and Ortiz had already holstered his firearm before Carlos attempted to comply. There was no reasonable suspicion or probable cause to stop, seize, threaten, or shoot Carlos, an uninvolved United States citizen, and the criminal complaint subsequently filed against Carlos omits any statement that Ortiz feared for his life. Plaintiff is informed and believe, and on that basis allege, that the government's account of the shooting — that Ortiz fired only a single shot and that Carlos's vehicle reversed toward Officer N. Jimenez, causing her to fear being struck — is false and disputed; Plaintiff pleads his own account, set forth in detail herein, as their operative allegation.

**THE HOSPITAL CARE AND FBI INTERFERENCE**

33. Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

34. After being shot, Carlos drove away from the scene to his home and called 911 to report that he had been shot, notwithstanding that he had complied with the officers' instructions. Carlos' partner Marina Gutierriez (hereinafter "Marina") then drove Carlos to Kaiser Permanente, from which he was transferred by ambulance to Riverside Community Hospital. At Riverside Community Hospital, Carlos was treated as a Tier 1 trauma activation for a gunshot wound to the right shoulder, and was diagnosed with a displaced closed fracture of the body of the right scapula. Bullet fragments remain lodged in Carlos' torso, including near his right lung, today.

THE SIMON LAW GROUP, LLP
2916 W. 164th Street
Torrance, CA 90504
Tel: 310-914-5400 – Fax: 310-914-5401

35. FBI agents followed Carlos to the hospital and interfered with his medical care, including by pulling a treating nurse away from him and preventing any medical staff from speaking to Carlos, and preventing Carlos from speaking to any medical staff. FBI agents further prevented medical staff from providing any medical treatment to Carlos. The FBI agents then removed Carlos from his hospital bed, handcuffed him with a leather waist restraint, and, without advising him of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), drove him back to the scene of the shooting for interrogation while the bullet and fragments remained lodged in his body. Carlos was kept bleeding and vomiting in the agents' van and was told not to "ruin their vehicle." Plaintiff is informed and believe, and on that basis alleges, that the government's assertion that Carlos was "medically cleared and released" from the hospital is false and disputed; in truth, FBI agents interfered with and prevented Carlos's medical treatment before removing him.

36. The subsequent custodial interrogation in the back of the FBI van lasted for more than thirty (30) minutes, during which time Carlos answered all questions the FBI agents asked, while repeatedly vomiting from pain and blood loss and begging for medical treatment. Upon information and belief, this custodial interrogation was recorded by audio and/or video technology, and Carlos' statements in that custodial interrogation match and support the version of events pleaded by Plaintiff in this Complaint.

**THE ARREST AND THE FABRICATED CRIMINAL CHARGES**

37. Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

38. Carlos was arrested at the trauma center on October 30, 2025, and taken into FBI and/or HSI custody.

39. A criminal complaint was filed against Carlos on October 31, 2025, in the United States District Court for the Central District of California, Case No. 5:25-mj-00674, charging him with violating 18 U.S.C. § 111 (assault on a federal officer). The affidavit in support of the complaint was sworn by HSI Special Agent

Elisha Mejia, based on the false account of the incident provided to her by Defendants Ortiz, N. Jimenez, and S. Cosey, based further on the false FBI Form FD-302, File No. 343U-LA-4155543 prepared by Defendant Banuelos, and was presented by Assistant United States Attorney Patrick Kibbe. Officer N. Jimenez was named as the "victim" in the complaint. The complaint alleged that Defendant J. Jimenez believed N. Jimenez was going to be hit by Carlos' vehicle; notably, the complaint did not allege that Defendant Ortiz believed anyone was in danger of being struck by Carlos' vehicle at any time, before, during, or after Defendant Ortiz shot Carlos.

40. A federal grand jury returned an indictment against Carlos on November 18, 2025, in the United States District Court for the Central District of California, Eastern Division, Case No. EDCR 5:25-cr-00366-KK, charging in Count One a violation of 18 U.S.C. § 111(a)(1), (b) (assault on a federal officer with a deadly or dangerous weapon — a car).

41. The criminal charges against Carlos were initiated and maintained on the basis of knowingly false and fabricated statements made by Ortiz, N. Jimenez, S. Cosey, and Banuelos in order to justify Ortiz's unlawful shooting of Carlos.

42. FBI Special Agent Estevan R. Banuelos prepared a report of investigation (FBI Form FD-302, File No. 343U-LA-4155543) on or about November 13, 2025, of a purported interview of neighbors Manuel Villareal and Beatrice Morales conducted on or about November 7, 2025, falsely attributing to them the statements that "they noticed what appeared to be law enforcement activity north of their home. As they passed by the pulled over cars they saw another light colored SUV about 2 meters away from the law enforcement cars" and that Carlos's vehicle "had more than enough room to pull forward without having to back up" — the very assertion used to support the government's claim that Carlos backed his vehicle toward the agents in an aggressive manner with the intent to assault — even though the report itself states that neither Villareal nor Morales witnessed the shooting.

THE SIMON LAW GROUP, LLP
2916 W. 164th Street
Torrance, CA 90504
Tel: 310-914-5400 – Fax: 310-914-5401

43. When Carlos' investigator later interviewed Villareal and Morales, both denied being aware that any of the vehicles were law enforcement when they had passed by, denied remembering the color or model of the vehicle in the road, stated there were no people at all standing outside of the cars when they drove by (thereby calling into question whether they even drove by during the incident, or before Carlos had arrived), stated they did not hear any gunshots and only learned a shooting had occurred after seeing it on the news, denied giving any specific measurement or estimate of the distance between the vehicle in the road and the other vehicles, denied stating there was more than enough room to pull forward without having to back up, and denied making the purported statements in Defendant Banuelos' report that state otherwise.

**THE DENIAL OF MEDICAL CARE IN COUNTY CUSTODY — WEST VALLEY DETENTION CENTER**

44. Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

45. Rather than returning Carlos to the hospital, federal agents delivered him to West Valley Detention Center, operated by Defendant County of San Bernardino, at approximately 2:00 p.m. on October 30, 2025, while he still had an active, untreated, bleeding gunshot wound and bullet fragments lodged in his body.

46. County staff, including Defendants DOES 11 through 20, never provided Carlos any medical care. He was told "there was nothing they could do" and was given only a Band-Aid for his actively bleeding gunshot wound.

47. Carlos was placed in a holding cell in which he could not lie flat, and was later moved to a separate room. After approximately one hour, Carlos, unable to get up, was forced to use his foot to press the intercom button and waved through the window and cried for help as he was still actively bleeding and in significant and severe pain. For approximately twenty minutes, no one responded; several staff members walked past, saw Carlos waving his hand and leg, and blatantly ignored

THE SIMON LAW GROUP, LLP
2916 W. 164th Street
Torrance, CA 90504
Tel: 310-914-5400 – Fax: 310-914-5401

THE SIMON LAW GROUP, LLP
2916 W. 164th Street
Torrance, CA 90504
Tel: 310-914-5400 – Fax: 310-914-5401

him. Carlos remained unprocessed and was left nude under only a nursing gown, eventually passing out.

48. Almost twenty hours after being shot and denied treatment, Carlos was finally processed and fingerprinted at approximately 3:00 a.m. on October 31, 2025, and was given clothing and moved to a bed at approximately 6:00 a.m.

49. Despite knowing that Carlos was bleeding, in severe pain, and unable to use his right arm, Detention Center staff forced him to carry at least sixty pounds of materials, including a towel, a blanket, and a mattress, to his cell, and assigned him to the top bunk.

50. At approximately 12:00 p.m. on October 31, 2025, Carlos was finally seen by a nurse and given a CT scan. He was told he needed medication and treatment, but upon returning from the scan was informed he would not receive it because "the nurse had already finished her rounds for the day." A medical professional told Carlos to insist on receiving his medication, but an officer responded that he "did not care, that was not [his] business, just go back to your cell and wait." Carlos never received any medication or medical treatment for his gunshot wound while in County custody.

51. Carlos's serious medical need, an actively bleeding gunshot wound with lodged bullet fragments in his torso and severe pain, was obvious. Defendants DOES 11 through 20 were deliberately indifferent to that need, and the delay and denial of care caused Carlos additional bodily injuries, physical pain, suffering, and emotional harm. Plaintiff is informed and believe, and on that basis alleges, that Defendant County of San Bernardino maintained policies, customs, and practices of deliberate indifference to the serious medical needs of detainees at West Valley Detention Center, and failed to adequately train, supervise, and discipline its jail and medical staff, and that these policies, customs, practices, and failures were the moving force behind the violation of Carlos's rights.

/ / /

THE SIMON LAW GROUP, LLP
2916 W. 164th Street
Torrance, CA 90504
Tel: 310-914-5400 – Fax: 310-914-5401

**THE FAVORABLE TERMINATION OF CRIMINAL PROCEEDINGS — DIVERSION AND DISMISSAL WITH PREJUDICE, WITH NO ADMISSION OF CRIMINAL RESPONSIBILITY**

52. Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

53. On or about May 5–6, 2026, the United States Attorney's Office and Carlos executed a Diversion Agreement in *United States v. Jimenez*, Case No. 5:25-cr-00366-KK, deferring prosecution of the charges against Carlos for a Diversion Period ending October 31, 2026. Attached hereto as Exhibit **"A"** is a true and correct copy of this Diversion Agreement.

54. The Diversion Agreement provides that, upon Carlos's successful completion of the Diversion Period, the United States Attorney's Office "will move to dismiss with prejudice any citation, complaint, indictment, or information charging defendant for the offense."

55. Following the United States Attorney's Office unopposed Motion to Dismiss filed on or about November 2, 2026, the Honorable Kenly Kiya Kato issued an order on November 2, 2026, dismissing the criminal charges with prejudice. Attached hereto as Exhibit **"B"** is a true and correct copy of the Court's November 2, 2026 Order. Accordingly all criminal charges have been dismissed with prejudice, with no finding of guilt, no admission of guilt by Carlos, and no admission to any criminal conduct by Carlos whatsoever.

56. The Diversion Agreement contains no admission of guilt or criminal conduct by Carlos, nor any admission to any of the allegations by the United States Attorney's Office in the underlying criminal complaint. The dismissal reflects a disposition consistent with Carlos's innocence, and explicitly favorable to him.

**INJURIES AND DAMAGES**

57. Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

THE SIMON LAW GROUP, LLP
2916 W. 164th Street
Torrance, CA 90504
Tel: 310-914-5400 – Fax: 310-914-5401

58. As a direct and proximate result of Defendants' conduct described above, Plaintiff Carlos Jimenez sustained a gunshot wound to the back and upper right shoulder, causing a displaced closed fracture of the body of the right scapula, with bullet fragments that remain lodged in his torso, including behind his right scapula and near his right lung, to this day. Carlos has required, and continues to require, extensive medical care, and has suffered severe emotional and psychological injuries, including post-traumatic stress disorder, anxiety, and depression, arising from both the shooting and the denial of medical care in County custody. Carlos has suffered: (a) physical injury from the gunshot wound by Ortiz; (b) severe emotional and psychological injuries including PTSD, anxiety, and depression; (c) lost wages of $25,000.00, together with a loss of future earning capacity; (d) the total loss of his 2007 Lexus RX350, valued at $5,790.00; (e) medical expenses of $178,874.76 to date, which continue to accrue; and (f) wrongful incarceration, detention, public humiliation, and reputational harm from the lies spread by Defendants regarding the incidents described herein. Carlos alleges $25,000,000.00 in non-economic damages.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FOURTH AMENDMENT — UNREASONABLE SEIZURE

**(*Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971))**
**Plaintiff Carlos Jimenez Against Defendant Ortiz, Individually**

59. Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

60. Defendant Ortiz was a federal law-enforcement officer acting under color of federal law at the time of the seizures alleged herein. This count is brought against Defendant Ortiz in his individual capacity.

61. Defendant Ortiz seized Carlos within the meaning of the Fourth Amendment when he approached with a firearm drawn and pointed at Carlos's face and threatened to shoot him if he did not leave; no reasonable person in Carlos's position would have felt free to leave or to disregard the agents' commands.

THE SIMON LAW GROUP, LLP
2916 W. 164th Street
Torrance, CA 90504
Tel: 310-914-5400 – Fax: 310-914-5401

Defendant Ortiz thereafter effected a second, independent seizure of Carlos by firing multiple gunshots at Carlos's vehicle and striking him. Carlos was an uninvolved United States citizen who had approached the officers only to warn them of children at a nearby bus stop, posed no threat, and was complying with Ortiz's order to leave at the time he was shot.

62. The seizures were accomplished without a warrant, without reasonable suspicion, and without probable cause. No officer was in Carlos's path of travel; Carlos had already complied with the order to leave; and Ortiz had already holstered his firearm before Carlos attempted to comply. The criminal complaint subsequently filed against Carlos omits any statement that Ortiz feared for his life. The seizures of Carlos were therefore objectively unreasonable under the totality of the circumstances, and Ortiz's shooting of Carlos violated CBP Use of Force Policy.

63. As a result of the acts alleged above, Defendant Ortiz used unreasonable, unjustified, and excessive force upon Plaintiff and intruded on Plaintiff's personal and bodily integrity. This unreasonable and excessive use of force and intrusion on Plaintiff's personal and bodily integrity constituted an unlawful search and seizure in violation of Plaintiff's constitutional rights as guaranteed by the Fourth Amendment to the United States Constitution. Violations of Plaintiff's Fourth Amendment rights by Defendant Ortiz gives rise to a cause of action against him in his individual capacity pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

64. Plaintiff therefore brings this claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and its progeny. To the extent existing precedent may be construed to limit the availability of a *Bivens* remedy against the individual Defendant under the circumstances alleged herein, Plaintiff respectfully asserts this claim as a good-faith argument for the recognition and extension of a *Bivens* remedy to these facts, and to preserve the claim and the issue for review, including en banc and United States Supreme Court review. Plaintiff alleges that the egregious, unprovoked, and unconstitutional use of

THE SIMON LAW GROUP, LLP
2916 W. 164th Street
Torrance, CA 90504
Tel: 310-914-5400 – Fax: 310-914-5401

deadly force and seizure alleged herein presents precisely the circumstances in which a damages remedy against the individual federal officer is warranted. Furthermore, the dismissal of all criminal charges filed against Carlos **with prejudice**, and with no admission of any criminal wrongdoing or to any of the facts alleged in the underlying criminal complaint, support Carlos' innocence.

65. As a direct and proximate result of Defendant's violation of Carlos's Fourth Amendment rights, Carlos has suffered and continues to suffer general and special damages according to proof, including physical injury, severe emotional distress, PTSD, anxiety, depression, and all other damages flowing from the unlawful seizure.

66. In committing the acts alleged above, Defendants Ortiz acted maliciously and/or was guilty of a wanton and reckless disregard for Carlos's rights, and by reason thereof Carlos is entitled to punitive damages against Defendant Ortiz only (expressly not against Defendant United States), in an amount to be proven at trial.

67. Defendants Ortiz's intrusion on Plaintiff's bodily integrity was neither accidental nor of a *de minimis* nature. Rather, Defendant Ortiz engaged in the intentional and purposeful stop, search, seizure, assault, and attempted killing of Plaintiff, in a manner that was gratuitously violent.

68. The above acts by Defendant Ortiz had no justification or excuse in law, and instead constitute a gross abuse of governmental authority and power, shock the consciences, are fundamentally unfair, arbitrary and oppressive, and are unjustifiable as a means of conducting any activity in which governmental officers may appropriately and legally undertake in the course of protecting persons or property, or ensuring civil order.

/ / /

/ / /

/ / /

/ / /

THE SIMON LAW GROUP, LLP
2916 W. 164th Street
Torrance, CA 90504
Tel: 310-914-5400 – Fax: 310-914-5401

## SECOND CAUSE OF ACTION
## VIOLATION OF THE FOURTH AMENDMENT — EXCESSIVE FORCE
**(*Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971))**
**Plaintiff Carlos Jimenez Against Defendants Ortiz, Individually**

69. Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

70. Defendant Ortiz was a federal law-enforcement officer acting under color of federal law at the time of the seizures alleged herein. This count is brought against Defendant Ortiz in his individual capacity.

71. Defendant Ortiz used deadly force against Carlos by firing multiple rounds into the vehicle in which Carlos was seated and striking him, in direct violation of CBP Use of Force Policy, after Carlos had complied with Ortiz's order to leave and was attempting to drive away per Ortiz's instructions. Carlos was unarmed, non-threatening, and posed no immediate threat of death or serious physical injury to Ortiz, any other officer, or any member of the public.

72. Applying the objective-reasonableness standard under *Graham v. Connor*, 490 U.S. 386 (1989), and the deadly-force standard of *Tennessee v. Garner*, 471 U.S. 1 (1985), the force Ortiz used against Carlos was objectively unreasonable under the totality of the circumstances: Carlos was complying with instructions, was not suspected of any serious crime, posed no immediate threat, and no officer was in his path of travel when Ortiz fired.

73. Plaintiff therefore brings this claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and its progeny. To the extent existing precedent may be construed to limit the availability of a *Bivens* remedy against the individual Defendant under the circumstances alleged herein, Plaintiff respectfully asserts this claim as a good-faith argument for the recognition and extension of a *Bivens* remedy to these facts, and to preserve the claim and the issue for review, including en banc and United States Supreme Court review. Plaintiff alleges that the egregious, unprovoked, and unconstitutional use of

THE SIMON LAW GROUP, LLP
2916 W. 164th Street
Torrance, CA 90504
Tel: 310-914-5400 – Fax: 310-914-5401

deadly force and seizure alleged herein presents precisely the circumstances in which a damages remedy against the individual federal officers is warranted. Furthermore, the dismissal of all criminal charges filed against Carlos with prejudice, and with no admission of any criminal wrongdoing or to any of the facts alleged in the underlying criminal complaint, support Carlos' innocence.

74. As a direct and proximate result of Defendants' violation of Carlos's Fourth Amendment rights, Carlos has suffered and continues to suffer general and special damages according to proof, including the gunshot wound and resulting scapula fracture and retained bullet fragment, severe emotional distress, PTSD, anxiety, depression, medical expenses, lost wages, property damage, and all other damages flowing from the use of excessive force.

75. In committing the acts alleged above, Defendant Ortiz acted maliciously and/or were guilty of a wanton and reckless disregard for Carlos's rights, and by reason thereof Carlos is entitled to punitive damages against Defendant Ortiz only (expressly not against Defendant United States), in an amount to be proven at trial.

76. Defendant Ortiz intrusion on Plaintiff's bodily integrity was neither accidental nor of a *de minimis* nature. Rather, Defendant Ortiz engaged in the intentional and purposeful stop, search, seizure, assault, and attempted killing of Plaintiff, in a manner that was gratuitously violent.

77. The above acts by Defendant Ortiz had no justification or excuse in law, and instead constitute a gross abuse of governmental authority and power, shock the consciences, are fundamentally unfair, arbitrary and oppressive, and are unjustifiable as a means of conducting any activity in which governmental officers may appropriately and legally undertake in the course of protecting persons or property, or ensuring civil order.

/ / /

/ / /

/ / /

THE SIMON LAW GROUP, LLP
2916 W. 164th Street
Torrance, CA 90504
Tel: 310-914-5400 – Fax: 310-914-5401

## THIRD CAUSE OF ACTION
## ASSAULT – FEDERAL TORT CLAIMS ACT
## (28 U.S.C. §§ 1346(b), 2674, 2680(h))
## Plaintiff Carlos Jimenez Against Defendant United States of America

78. Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

79. Defendant Ortiz was a federal law-enforcement officer acting within the course and scope of his employment with the United States at the time of the conduct alleged herein; his acts and omissions are attributable to Defendant United States under the FTCA.

80. Ortiz intended to, and did, cause Carlos reasonable apprehension of imminent harmful or offensive contact by pointing a loaded firearm at Carlos's face, threatening to shoot him, and then firing multiple gunshots at the vehicle in which Carlos was seated, including actually hitting Carlos with one of the gunshots Ortiz fired. These acts constituted intentional acts designed to cause, and that did cause, reasonable apprehension and anticipation of imminent harmful or offensive contact, satisfying the elements of assault under California law, the private-person analog under the FTCA.

81. Carlos reasonably apprehended imminent harmful or offensive contact and did not consent to any of this conduct.

82. This claim falls within the law-enforcement sub-section of 28 U.S.C. § 2680(h), which preserves FTCA liability for assault committed by federal investigative or law-enforcement officers, including ICE officers.

83. As a direct and proximate result of the assault committed by an employee of the United States acting within the scope of his employment, Carlos has suffered and continues to suffer general and special damages, including physical injury, severe emotional distress, PTSD, anxiety, depression, and all other damages according to proof, for which Carlos is entitled to monetary relief pursuant to the FTCA, 28 U.S.C. § 2671 *et seq.*

THE SIMON LAW GROUP, LLP
2916 W. 164th Street
Torrance, CA 90504
Tel: 310-914-5400 – Fax: 310-914-5401

**FOURTH CAUSE OF ACTION**
**BATTERY – FEDERAL TORT CLAIMS ACT**
**(28 U.S.C. §§ 1346(b), 2674, 2680(h))**
**Plaintiff Carlos Jimenez Against Defendant United States of America**

84. Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

85. Defendant Ortiz was a federal law-enforcement officer acting within the course and scope of his employment with the United States at the time of the conduct alleged herein; his acts and omissions are attributable to Defendant United States under the FTCA.

86. Ortiz's firing of his weapon, and the resulting bullet striking Carlos in the back and upper right shoulder, constituted a harmful and offensive, non-consensual contact, and constituted a completed battery against Carlos. The force used was excessive and unreasonable under the circumstances, as Carlos was unarmed, had complied with Ortiz's instruction to leave, and posed no threat to Ortiz, the other officers, or the public. There was no lawful justification for the use of deadly force. All acts were committed by Ortiz as an employee of the United States within the scope of his employment, and constituted unreasonable force upon Carlos.

87. Carlos did not consent to being shot or to any other physical contact by Ortiz. The battery directly and proximately caused Carlos physical injury, property damage, and severe emotional distress.

88. This claim falls within the law-enforcement sub-section of 28 U.S.C. § 2680(h), which preserves FTCA liability for battery committed by federal investigative or law-enforcement officers, including ICE officers.

89. As a direct and proximate result of the battery committed by an employee of the United States acting within the scope of his employment, Carlos has suffered and continues to suffer general and special damages, including the gunshot wound and resulting scapula fracture and retained bullet fragments, severe emotional distress, PTSD, anxiety, depression, medical expenses, lost wages,

property damage, and all other damages according to proof, for which Carlos is entitled to monetary relief pursuant to the FTCA, 28 U.S.C. § 2671 *et seq.*

**FIFTH CAUSE OF ACTION**
**FALSE ARREST / FALSE IMPRISONMENT – FEDERAL TORT CLAIMS ACT**
**(28 U.S.C. §§ 1346(b), 2674, 2680(h))**
**Plaintiff Carlos Jimenez Against Defendant United States of America**

90. Plaintiff Carlos Jimenez incorporates by reference each and every preceding paragraph as though fully set forth herein.

91. Defendants Ortiz, N Jimenez., S. Cosey, and Banuelos, as well as HSI Agent Mejia, were federal law-enforcement officers acting within the course and scope of their employment with the United States at the time of the conduct alleged herein; their acts and omissions are attributable to Defendant United States under the FTCA.

92. Defendants, and HSI Agent Mejia, intentionally arrested and confined Carlos, from his arrest at the trauma center on October 30, 2025 through his subsequent detention in federal custody, without probable cause or other legal justification, on the basis of knowingly false and fabricated charges. Carlos did not consent to this confinement, and the confinement was not otherwise privileged. There was no reasonable suspicion or probable cause to manacle Carlos at the hospital in front of his partner Marina Marissa Gutierrez, as the predicate factual assertions were knowingly false.

93. This claim falls within the law-enforcement sub-section of 28 U.S.C. § 2680(h), which preserves FTCA liability for false arrest and false imprisonment committed by federal investigative or law-enforcement officers.

94. As a direct and proximate result of the false arrest and false imprisonment committed by employees of the United States acting within the scope of their employment, Carlos has suffered and continues to suffer general and special damages, including wrongful detention, the costs of his criminal defense, severe

THE SIMON LAW GROUP, LLP
2916 W. 164th Street
Torrance, CA 90504
Tel: 310-914-5400 – Fax: 310-914-5401

THE SIMON LAW GROUP, LLP
2916 W. 164th Street
Torrance, CA 90504
Tel: 310-914-5400 – Fax: 310-914-5401

emotional distress, PTSD, anxiety, depression, and all other damages according to proof, for which Carlos is entitled to monetary relief pursuant to the FTCA, 28 U.S.C. § 2671 *et seq.*

**SIXTH CAUSE OF ACTION**
**MALICIOUS PROSECUTION – FEDERAL TORT CLAIMS ACT**
**(28 U.S.C. §§ 1346(b), 2674, 2680(h))**
**Plaintiff Carlos Jimenez Against Defendant United States of America**

95. Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

96. Defendants Ortiz, N. Jimenez, and S. Cosey were federal law-enforcement officers acting within the course and scope of their employment with the United States, HSI Agent Mejia likewise acted within the course and scope of her employment with the United States, and Defendant Banuelos likewise acted within the course and scope of his employment with the United States as an FBI Special Agent, at the time of the conduct alleged herein; their acts and omissions are attributable to Defendant United States under the FTCA, and malicious prosecution by federal investigative or law-enforcement officers is preserved by the 28 U.S.C. § 2680(h) proviso.

97. Defendants Ortiz, N. Jimenez, and S. Cosey made false and fabricated statements about the October 30, 2025 incident, and HSI Agent Mejia swore a criminal complaint and affidavit based on those knowingly false statements. The United States, through its agents and through Assistant United States Attorney Patrick Kibbe, thereby initiated and maintained the criminal prosecution of Carlos under 18 U.S.C. § 111.

98. During the course of discovery in the criminal matter, the government and/or Defendant Ortiz refused to produce Defendant Ortiz's cellular phone for inspection by Carlos' attorneys and/or experts. While Defendants N. Jimenez and S. Cosey had given recorded statements to the government investigators regarding the shooting within approximately one day of the shooting, Defendant Ortiz refused to

THE SIMON LAW GROUP, LLP
2916 W. 164th Street
Torrance, CA 90504
Tel: 310-914-5400 – Fax: 310-914-5401

speak with investigators for approximately one month, refused to allow that statement to be recorded by audio and/or video, and refused to turn over his cellular phone.

99. Carlos, by and through his attorneys at the Federal Public Defender's Office, had and have reason to believe exonerating evidence exists on Defendant Ortiz's phone in the form of text messages, e-mails, application activity, and/or call logs that would support Carlos' innocence. Carlos, by and through his attorneys at the Federal Public Defender's Office, subsequently filed motion(s) to compel production of Defendant Ortiz's cellular phone for inspection and examination, among other matters.

100. On or about May 5, 2026, the Honorable Kenly Kiya Kato issued a ruling Ordering that the government, among other matters, produce "all communications, including but not limited to text messages and e-mails, by an officer, agent, or other government official, relating to this incident. If there are no responsive text messages or e-mails from officer Ortiz, the Government shall provide a declaration signed under penalty of perjury by officer Ortiz." Attached hereto as Exhibit **"C"** is a true and correct copy of the May 5, 2026 Order.

101. Separately, FBI Special Agent Estevan R. Banuelos prepared a report of investigation (FBI Form FD-302, File No. 343U-LA-4155543) on nor about November 13, 2025, memorializing a purported interview of nearby residents Manuel Villareal and Beatrice Morales on or about November 7, 2025. Banuelos presented Villareal and Morales as witnesses supporting the charge against Carlos and falsely attributed to them the statements that "they noticed what appeared to be law enforcement activity north of their home. As they passed by the pulled over cars they saw another light colored SUV about 2 meters away from the law enforcement cars" and that Carlos's vehicle "had more than enough room to pull forward without having to back up" — the very assertion used to support the government's claim that Carlos backed his vehicle toward the agents in an aggressive manner and at a high rate of speed towards the agents when with the intent to assault when he was shot

THE SIMON LAW GROUP, LLP
2916 W. 164th Street
Torrance, CA 90504
Tel: 310-914-5400 – Fax: 310-914-5401

— even though the report itself states that "[n]either . . . VILLAREAL or MORALES witnessed the shooting," underscoring that he manufactured a witness account to supply probable cause the charge otherwise lacked.

102. The attribution by Baneulos was entirely fabricated. When Carlos' investigator later interviewed Villareal and Morales, both denied being aware that any of the vehicles were law enforcement when they had passed by, denied remembering the color or model of the vehicle in the road, stated there were no people at all standing outside of the cars when they drove by (thereby calling into question whether they even drove by during the incident, or before Carlos had arrived), stated they did not hear any gunshots and only learned a shooting had occurred after seeing it on the news, denied giving any specific measurement or estimate of the distance between the vehicle in the road and the other vehicles, denied stating there was more than enough room to pull forward without having to back up, and denied making the purported statements in Defendant Banuelos' report that state otherwise.

103. Once the fabrication in Banuelos's report was exposed, and the Honorable Kenly Kiya Kato's May 5, 2026, Order regarding Defendant Ortiz issued, the Department of Justice sought the Diversion Agreement described in this Complaint to avoid subjecting Banuelos to a deposition under oath regarding the fabricated witness statements and purported interview, and to avoid either producing the materials Carlos believes exist on Defendant Ortiz's cellular phone or otherwise requiring Defendant Ortiz to sign a declaration under penalty of perjury that no such materials exist.

104. The criminal proceeding was initiated and maintained without probable cause. Carlos was complying with the officers' instructions and posed no threat; no officer was in his path of travel; and the predicate factual assertions underlying the complaint and indictment were knowingly false, including Banuelos's fabricated witness statements described above.

THE SIMON LAW GROUP, LLP
2916 W. 164th Street
Torrance, CA 90504
Tel: 310-914-5400 – Fax: 310-914-5401

105. The prosecution was initiated and maintained with malice, not to further any legitimate law-enforcement purpose, but to conceal the agents' own unlawful, unconstitutional, and tortious conduct on October 30, 2025, and to punish and discredit Carlos.

106. The executed Diversion Agreement in *United States v. Jimenez*, Case No. 5:25-cr-00366-KK, provided that the charges against Carlos would be dismissed with prejudice upon his successful completion of the Diversion Period, and contains no admission of guilt or of any criminal conduct by Carlos. This disposition is consistent with Carlos's innocence and constitutes a favorable termination within the meaning of *Thompson v. Clark*, 596 U.S. 36 (2022). The Diversion Period was completed, and the charges against Carlos were dismissed with prejudice on November 2, 2026, as described elsewhere in this Complaint.

107. The discretionary-function exception to the FTCA does not apply to this count. There is no legitimate policy rationale that protects an admittedly baseless prosecution built on knowingly false and fabricated statements made to conceal the agents' own unlawful shooting of an uninvolved, complying citizen; fabricating evidence and refusing to produce exonerating evidence in order to secure a prosecution has no role to play in the legitimate functioning of government and is not the kind of discretionary, policy-based judgment the exception is designed to shield.

108. As a direct and proximate result of the malicious prosecution committed by employees of the United States acting within the scope of their employment, Carlos has suffered and continues to suffer damages, including lost wages of $25,000.00, wrongful prosecution, the burden and expense of his defense, severe emotional and psychological injuries, reputational harm, PTSD, anxiety, depression, and all other damages according to proof, for which Carlos is entitled to monetary relief pursuant to the FTCA, 28 U.S.C. § 2671 *et seq.*

/ / /

/ / /

THE SIMON LAW GROUP, LLP
2916 W. 164th Street
Torrance, CA 90504
Tel: 310-914-5400 – Fax: 310-914-5401

**SEVENTH CAUSE OF ACTION**
**ABUSE OF PROCESS — FEDERAL TORT CLAIMS ACT**
**(28 U.S.C. §§ 1346(b), 2674, 2680(h))**
**Plaintiff Carlos Jimenez Against Defendant United States of America**

109. Plaintiff Carlos Jimenez incorporates by reference each and every preceding paragraph as though fully set forth herein. This cause of action is brought solely by Plaintiff Carlos Jimenez.

110. Defendants Ortiz, N. Jimenez, S. Cosey, and Banuelos, as well as HSI Agent Mejia, and their supervisors intentionally caused criminal process, including but not limited to the initial stop, the § 111 charges, and the subsequent arrest and detention, to be used not to serve a legitimate law-enforcement purpose but rather to conceal and deflect accountability for the agents' own unlawful stop, assault, battery, and attempted killing on October 30, 2025. This constitutes an ulterior purpose other than resolving a legitimate legal dispute.

111. Defendant United States intentionally weaponized the awesome power of the federal criminal justice apparatus through the fabricated statements of Defendants Ortiz, N. Jimenez, S. Cosey, HSI Agent Mejia's affidavit based on those fabricated statements, Banuelos' fabricated FBI Form FD-302, File No. 343U-LA-4155543, §111 charges, and arrest and detention against an innocent man to manufacture the appearance that Defendants Ortiz, N. Jimenez, and S. Cosey were victims rather than perpetrators. This willful and improper use of process to cover up official misconduct is not a proper use of the criminal justice system.

112. As a direct and proximate result of the abuse of process, Carlos was manacled at the hospital in front of his partner Marina Marissa Gutierrez, was wrongfully detained in federal custody without medical treatment for his actively bleeding gunshot wound, has suffered and continues to suffer damages including wrongful imprisonment, public humiliation, and reputational harm, lost wages, severe emotional and psychological injuries including PTSD, depression, and anxiety, general and special damages and all other damages according to proof, for

THE SIMON LAW GROUP, LLP
2916 W. 164th Street
Torrance, CA 90504
Tel: 310-914-5400 – Fax: 310-914-5401

which Plaintiff is entitled to monetary relief pursuant to the FTCA, 28 U.S.C. § 2671 *et seq.*

**EIGHTH CAUSE OF ACTION**
**NEGLIGENCE – FEDERAL TORT CLAIMS ACT**
**(28 U.S.C. §§ 1346(b), 2674)**
**Plaintiff Carlos Jimenez Against Defendant United States of America**

113. Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

114. Defendants Ortiz, N.J., S.C., and Banuelos, as well as HSI Agent Mejia, were federal law-enforcement officers acting within the course and scope of their employment with ICE, CBP, and HSI, agencies of Defendant United States, at the time of the conduct alleged herein.

115. The United States, acting through its employees, owed Carlos a duty to conduct law-enforcement activity in a lawful and reasonable manner, including duties to: (a) have an adequate legal basis before stopping or seizing an individual; (b) use only lawful and proportionate force in accordance with existing Use of Force Policy, and refrain from using force that was not objectively reasonable under the totality of the circumstances; (c) employ de-escalation techniques before resorting to deadly force; (d) conduct an accurate, fair, and thorough post-incident investigation and report the facts of the incident truthfully; (e) accurately report facts to investigating agents and prosecutors; and (f) secure prompt medical care for a person whom its officers had shot. Defendant United States, by and through its employees, had a duty to avoid needlessly and negligently harming Plaintiff during and after an arrest.

116. Defendants, as well as HSI Agent Mejia, breached each of these duties: Ortiz had no adequate legal basis to stop, threaten, or shoot Carlos; Ortiz used disproportionate, objectively unreasonable deadly force against a complying, unarmed man; Defendants failed to employ any de-escalation technique before Ortiz fired his weapon; Ortiz, N. Jimenez, S. Cosey, Mejia, and Banuelos failed to

THE SIMON LAW GROUP, LLP
2916 W. 164th Street
Torrance, CA 90504
Tel: 310-914-5400 – Fax: 310-914-5401

conduct an accurate and fair investigation and instead reported knowingly false facts to secure Carlos's prosecution; all of which caused criminal process to be initiated on the basis of false information; and Defendants failed to secure Carlos prompt medical care after shooting him, instead removing him from the hospital before his wound was treated. Defendant United States, through ICE, CBP, HSI, and FBI as institutions and as supervisors, further breached its duty by failing to adequately train, supervise, or discipline Ortiz, N. Jimenez, S. Cosey, Mejia, and Banuelos in the proper use of force, de-escalation, and accurate reporting.

117. The negligent conduct of the United States' employees as complained of above directly and proximately caused injuries to Carlos, such that it was a substantial factor in causing harm to Carlos.

118. As a direct and proximate result of the negligence of the United States' employees acting within the scope of their employment, Carlos has suffered and continues to suffer general and special damages, including physical injury, severe emotional and psychological injuries, medical expenses, lost wages, property damage, and all other damages according to proof, for which Carlos is entitled to monetary relief pursuant to the FTCA, 28 U.S.C. § 2671 *et seq.*

## NINTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – FEDERAL TORT CLAIMS ACT
## (28 U.S.C. §§ 1346(b), 2674, 2680(h))
## Plaintiff Carlos Jimenez Against Defendant United States of America

119. Plaintiff Carlos Jimenez incorporates by reference each and every preceding paragraph as though fully set forth herein.

120. Defendants Ortiz, N. Jimenez, S. Cosey, and Banuelos, as well as HSI Agent Mejia, were federal law-enforcement officers acting within the course and scope of their employment with the United States at the time of the conduct alleged herein; their acts and omissions are attributable to Defendant United States under the FTCA.

THE SIMON LAW GROUP, LLP
2916 W. 164th Street
Torrance, CA 90504
Tel: 310-914-5400 – Fax: 310-914-5401

121. Defendants Ortiz, N. Jimenez, and S. Cosey, and Banuelos', as well as HSI Agent Mejia's, conduct constitutes extreme and outrageous conduct exceeding all bounds usually tolerated in a civilized society and transcending human decency: shooting a complying, unarmed United States citizen who posed no threat; removing him from hospital care with a bullet still lodged in his body and interrogating him before he had been treated; delivering him to a county jail with an untreated, actively bleeding gunshot wound and denying him medical care and medication for nearly a day; and fabricating evidence to support criminal charges against him to conceal their own misconduct.

122. Defendants intended to cause, and did cause, Plaintiff to experience severe emotional distress, and each acted with a reckless disregard of the probability of causing severe emotional distress. Menacingly threatening the innocent occupant of a vehicle without any lawful basis to do so, the use of a firearm against an occupied vehicle that posed no danger to anyone in violation of CBP Use of Force Policy, and the orchestration of an arrest at the hospital on fabricated charges were acts that any reasonable person would know would cause severe emotional distress.

123. As a direct and proximate result of Defendants' extreme and outrageous conduct, Carlos has suffered severe emotional distress, including PTSD, anxiety, and depression, which was actually and proximately caused by, and was a substantial factor resulting from, Defendants' conduct.

124. As a direct and proximate result of the intentional infliction of emotional distress committed by employees of the United States acting within the scope of their employment, Carlos has suffered and continues to suffer general and special damages according to proof, for which Carlos is entitled to monetary relief pursuant to the FTCA, 28 U.S.C. § 2671 *et seq.*

/ / /

/ / /

/ / /

/ / /

THE SIMON LAW GROUP, LLP
2916 W. 164th Street
Torrance, CA 90504
Tel: 310-914-5400 – Fax: 310-914-5401

**TENTH CAUSE OF ACTION**
**VIOLATION OF CAL. CIV. CODE § 52.1 — BANE ACT**
**(Cal. Civ. Code §§ 52.1, 52(b))**
**Plaintiff Carlos Jimenez Against Defendants United States of America, Ortiz, N. Jimenez, S. Cosey, and Banuelos**

125. Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

126. Defendants Ortiz, N. Jimenez, and S. Cosey were federal law-enforcement officers acting in their official capacity and within the course and scope of their employment the United States, HSI Agent Mejia likewise acted within the course and scope of her employment with the United States, and Defendant Banuelos likewise acted within the course and scope of his employment with the United States, at the time of the conduct alleged herein; this count is brought against the individual Defendants in their individual capacities and against Defendant United States to the extent a private person would be liable under California law.

127. Defendant United States, by and through Defendants Ortiz, N.J., S.C., and Banuelos', as well as HSI Agent Mejia's, conduct as described fully in detail above, including unlawfully shooting Carlos and making knowingly false statements to secure an arrest and initiate criminal proceedings against Carlos in order to cover up their own tortious and unlawful conduct, interfered, and attempted to interfere, by threats, intimidation, and coercion, with Carlos's rights secured by the Fourth and Fourteenth Amendments to the United States Constitution and by Article I, Sections 7 and 13 of the California Constitution within the meaning of Cal. Civ. Code § 52.1, including his right to be free from unreasonable seizure and excessive force. The coercion consisted of the unlawful stop, the threats to shoot Carlos, the shooting itself, Mejia's incorporation of knowingly false witness statements, and Banuelos's fabrication of witness evidence undertaken to justify, perpetuate, and conceal that unconstitutional conduct.

THE SIMON LAW GROUP, LLP
2916 W. 164th Street
Torrance, CA 90504
Tel: 310-914-5400 – Fax: 310-914-5401

128. Defendants' conduct was deliberate and was undertaken with the specific intent to deprive Carlos of the enjoyment of the rights and interests protected by the California Constitution.

129. The actions of Defendants Ortiz, N. Jimenez, S. Cosey, and Banuelos, as well as HSI Agent Mejia, and thereby Defendant United States, were a substantial factor in causing harm to Carlos. As a direct and proximate result of Defendants' Bane Act violations, Carlos has suffered actual damages, for which he is entitled to monetary relief pursuant to the FTCA, 28 U.S.C. § 2671 *et seq.* as to Defendant United States, and is further entitled to treble damages, a civil penalty of $25,000.00 per violation, and attorney's fees and costs of suit as against each individual Defendant found liable, pursuant to Cal. Civ. Code §§ 52. and 52(b).

130. In committing the acts alleged above, Defendants Ortiz, N. Jimenez, S. Cosey, and Banuelos acted maliciously and/or were guilty of a wanton and reckless disregard for Carlos's rights, and by reason thereof Carlos is entitled to punitive damages against these individual Defendants, and not against Defendant United States, in an amount to be proven at trial.

**ELEVENTH CAUSE OF ACTION**
**FAILURE TO PROVIDE MEDICAL CARE — CONDITIONS OF CONFINEMENT**
**(U.S. Const. Amend. 14; 42 U.S.C. § 1983)**
**Plaintiff Carlos Jimenez Against Defendant County of San Bernardino and Does 11 Through 20**

131. Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

132. As a pretrial detainee held at West Valley Detention Center, Carlos had a right under the Due Process Clause of the Fourteenth Amendment to adequate medical care, assessed under the objective deliberate-indifference standard articulated in *Gordon v. County of Orange*, 888 F.3d 1118 (9th Cir. 2018). Defendants DOES 11 through 20 were employees of Defendant County of San

THE SIMON LAW GROUP, LLP
2916 W. 164th Street
Torrance, CA 90504
Tel: 310-914-5400 – Fax: 310-914-5401

Bernardino acting under color of state law and within the course and scope of their employment at all times relevant herein.

133. Defendants DOES 11 through 20 made intentional decisions with respect to the conditions of Carlos's confinement, including the decisions to withhold all medical care, to deny him medication and medical treatment, and to require him to carry heavy objects despite his actively bleeding gunshot wound.

134. Carlos's serious medical need, an actively bleeding gunshot wound with lodged bullet fragments and severe pain, was obvious, and Defendants DOES 11 through 20 were aware of it, having observed Carlos's wound, his repeated cries for help, and his inability to move.

135. Defendants DOES 11 through 20 failed to take reasonable available measures to address that risk, including by denying Carlos any medical treatment for the nearly twenty hours he was in custody, providing only a Band-Aid for his wound, ignoring his cries for help for hours, forcing him to carry at least sixty pounds of materials despite his injury, and ultimately denying him prescribed medication altogether.

136. Defendants' failure to take reasonable available measures was objectively unreasonable under the totality of the circumstances and caused Carlos further injury, including additional pain, suffering, and emotional harm.

137. Defendants had actual and/or constructive knowledge that Carlos was at significant and serious risk of further injury if he was not provided with medical care, thereby causing further injury as the bullet fragments were allowed to migrate deeper into his torso and the denial of treatment causing permanent and significant injuries, including but not limited to nerve damage in the neck, right shoulder, and right arm. Each said Defendant was required by standard of care to provide medical treatment to Carlos' gunshot wound, and each said Defendant with deliberate indifference failed to do so, thereby shocking the conscience.

138. Plaintiff is informed and believe, and on that basis allege, that Defendant County of San Bernardino maintained policies, customs, and practices of

THE SIMON LAW GROUP, LLP
2916 W. 164th Street
Torrance, CA 90504
Tel: 310-914-5400 – Fax: 310-914-5401

deliberate indifference to the serious medical needs of detainees at West Valley Detention Center, and failed to adequately train, supervise, and discipline its jail and medical staff in responding to detainees with obvious, serious medical needs, and that these policies, customs, practices, and failures to train were the moving force behind the violation of Carlos's Fourteenth Amendment rights.

139. As a direct and proximate result of the violation of his Fourteenth Amendment rights, Carlos has suffered and continues to suffer general and special damages according to proof, including lost wages, medical expenses, other special damages, and pain and suffering, and is entitled to his reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

140. In committing the acts alleged above, Defendants DOES 11 through 20 acted with deliberate indifference and/or reckless disregard for Carlos's rights, and by reason thereof Carlos is entitled to punitive damages against these individual Doe Defendants, and not against Defendant County of San Bernardino, in an amount to be proven at trial.

**TWELFTH CAUSE OF ACTION**
**FAILURE TO SUMMON / FURNISH IMMEDIATE MEDICAL CARE**
**(Cal. Gov. Code § 845.6)**
**Plaintiff Carlos Jimenez Against Defendant County of San Bernardino and Does 11 Through 20**

141. Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

142. Defendants DOES 11 through 20 were employees of Defendant County of San Bernardino, acting within the course and scope of their employment at West Valley Detention Center at all times relevant herein.

143. Defendants DOES 11 through 20 knew, or had reason to know, that Carlos was in need of immediate medical care, given his obvious, actively bleeding gunshot wound that constituted a serious and known medical need, yet failed to take reasonable action to summon, obtain, or provide such care, instead providing only a

Band-Aid, ignoring his cries for help, and ultimately denying him prescribed medication or any medical treatment.

144. Defendant County of San Bernardino is liable for the failure of Defendants DOES 11 through 20 to summon immediate medical care pursuant to Cal. Gov. Code §§ 845.6 and 815.2. Defendants breached their duty of care that they owed to Carlos under California Government Code § 845.6, and were deliberately indifferent to Carlos' obvious medical needs, as said Defendants knew of it and disregarded it by failing to take reasonable measures to address it, to wit: to summon, obtain, or provide Carlos with medical care to treat his actively bleeding gunshot wound. Instead, each Defendant ignored all of Carlos' complaints and warning signs demonstrating that he was in a serious and obvious medical need.

145. Defendants' failure to summon, obtain, or provide immediate medical care was a substantial and proximate factor in causing Carlos's injuries.

146. As a direct and proximate result of Defendants' failure to summon immediate medical care, Carlos has suffered and continues to suffer general and special damages according to proof, including lost wages, medical expenses, other special damages, and pain and suffering.

147. In committing the acts alleged above, Defendants DOES 11 through 20 acted with deliberate indifference and/or reckless disregard for Carlos's rights, and by reason thereof Carlos is entitled to punitive damages against these individual Doe Defendants, and not against Defendant County of San Bernardino, in an amount to be proven at trial.

## THIRTEENTH CAUSE OF ACTION
## MEDICAL NEGLIGENCE
**Plaintiff Carlos Jimenez Against Defendant County of San Bernardino and Does 11 Through 20**

148. Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

THE SIMON LAW GROUP, LLP
2916 W. 164th Street
Torrance, CA 90504
Tel: 310-914-5400 – Fax: 310-914-5401

149. Defendant County of San Bernardino, through its jail medical staff and any contracted medical providers (sued herein as Does), owed Carlos a duty to provide medical care meeting the applicable professional standard of care. Standard of care for an actively bleeding gunshot wound mandates immediate treatment, including but not limited to escalation of treatment to a trauma center.

150. Defendant County of San Bernardino, through its medical staff and contracted providers, breached that duty by failing to timely assess, treat, and medicate Carlos's obvious gunshot wound, including by delaying any examination for nearly a day, and by withholding medication that a nurse had already determined he needed.

151. This breach of the standard of care directly and proximately caused Carlos injury, including additional pain, suffering, aggravation of his existing injuries, and delay in appropriate treatment.

152. Defendant County of San Bernardino is liable for the negligence of its medical staff and contracted providers under the doctrine of respondeat superior and Cal. Gov. Code § 815.2.

153. As a direct and proximate result of this medical negligence, Carlos has suffered and continues to suffer general and special damages according to proof, including lost wages, medical expenses, other special damages, and pain and suffering.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

THE SIMON LAW GROUP, LLP
2916 W. 164th Street
Torrance, CA 90504
Tel: 310-914-5400 – Fax: 310-914-5401

THE SIMON LAW GROUP, LLP
2916 W. 164th Street
Torrance, CA 90504
Tel: 310-914-5400 – Fax: 310-914-5401

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff CARLOS JIMENEZ prays for judgment against Defendants as follows:

a. For a judgement against all Defendants for general and compensatory damages for physical injury, pain and suffering, emotional distress, PTSD, anxiety, depression, public humiliation, loss of reputation, loss of enjoyment of life, and all other non-economic damages sustained by Plaintiff, according to proof at time of trial;

b. For a judgment against all Defendants for special damages for:
    a. Lost wages in the amount of $25,000.00;
    b. Property damage in the amount of $5,790.00;
    c. Past medical expenses in the amount of $178,874.76 to date and ongoing;
    d. Future medical expenses according to proof at time of trial;

c. For a judgment against Defendant United States on the FTCA counts not to exceed the sum stated in Plaintiff's SF-95 claim, of $25,209.664.76;

d. Punitive and exemplary damages against Defendants EUSEBIO ORTIZ, N. JIMENEZ, S. COSEY, and ESTEVAN R. BANUELOS, individually, and only, in such amount as the jury determines appropriate to punish their willful, malicious, oppressive, and reckless conduct;

e. Statutory damages and civil penalties under Cal. Civ. Code § 52.1 against Defendants EUSEBIO ORTIZ, N. JIMENEZ, S. COSEY, and ESTEVAN R. BANUELOS, individually, and only, including:
    a. Actual damages or treble actual damages as permitted by law; and
    b. $25,000.00 civil penalty per statutory violation against each Defendant found liable under the Bane Act;

f. Attorney's fees and costs under Cal. Civ. Code § 52.1(i) against Defendants EUSEBIO ORTIZ, N. JIMENEZ, S. COSEY, and ESTEVAN R. BANUELOS, individually, and only;

g. Pre-judgment interest and post-judgment interest at the maximum lawful rate;

h. Costs of suit herein incurred; and

i. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

DATED: November 6, 2026

**THE SIMON LAW GROUP, LLP**

By: */S/ Gregory A. Jackson*
Greg A. Jackson, Esq. (SBN 318829)
Attorneys for Plaintiff Carlos Jimenez

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

THE SIMON LAW GROUP, LLP
2916 W. 164th Street
Torrance, CA 90504
Tel: 310-914-5400 – Fax: 310-914-5401

THE SIMON LAW GROUP, LLP
2916 W. 164th Street
Torrance, CA 90504
Tel: 310-914-5400 – Fax: 310-914-5401

**DEMAND FOR JURY TRIAL**

Plaintiff CARLOS JIMENEZ hereby demand a trial by jury on all issues so triable, including but not limited to all claims under

(1) The First Cause of Action (Bivens – Fourth Amendment Unreasonable Seizure);

(2) The Second Cause of Action (Bivens – Fourth Amendment Excessive Force);

(3) The Tenth Cause of Action (California Bane Act – Cal. Civ. Code § 52.1);

(4) The Eleventh Cause of Action (Failure to Provide Medical Care / Condition of Confinement - 42 U.S.C. § 1983, 14th Amendment)

(5) The Twelfth Cause of Action (Failure to Summon/Furnish/Provide Immediate Medical Care - Cal. Gov. Code § 845.6); and

(6) The Thirteenth Cause of Action (Medical Negligence)

Respectfully submitted,

DATED: November 6, 2026

**THE SIMON LAW GROUP, LLP**

By: */S/ Gregory A. Jackson*
Greg A. Jackson, Esq. (SBN 318829)
Attorneys for Plaintiff Carlos Jimenez

THE SIMON LAW GROUP, LLP
2916 W. 164th Street
Torrance, CA 90504
Tel: 310-914-5400 – Fax: 310-914-5401

# EXHIBIT "A"

Docusign Envelope ID: 864B6BAF-3E37-8536-80A6-E350D677F7F8

# United States Department of Justice

## United States Attorney's Office
## Central District of California

*Stephen Chang and Mark Kanow*
*Phone: (213) 894-7280*
*E-mail: stephen.chang@usdoj.gov*

*3403 Tenth Street, Suite 200*
*Riverside, California 92501*

May 5, 2026

**VIA E-MAIL**

Chad Pennington and Ayah Sarsour
Deputy Federal Public Defenders
3801 University Avenue, Suite 700
Riverside, CA 92501

Re: United States v. Jimenez,
No. 5:25-cr-00366-KK

Dear Mr. Pennington and Ms. Sarsour:

You have advised me that your client, defendant Carlos Jimenez ("defendant"), having been charged with a violation of 18 U.S.C. § 111 (the "offense"), wishes to participate in diversion as set forth in this letter agreement ("Letter Agreement").

**CONDITIONS OF DIVERSION**

After an investigation of the offense and defendant's background, the United States Attorney's Office for the Central District of California (the "USAO"), agrees that the interests of justice will be served by a period of diversion to be administered under the supervision of the United States Pretrial Services Agency ("Pretrial Services") and an assigned Pretrial Services Officer ("PSO").

Accordingly, the USAO agrees that prosecution of defendant for the offense shall be deferred for a period to end October 31, 2026 ("Diversion Period"), provided defendant abides by all of the following conditions of diversion, to which defendant agrees by signing this Letter Agreement:

(1) Formally withdraw all pending motions in the above-captioned criminal case by filing a notice of withdrawal on the docket, and not file any further motions for the duration of the Diversion Period;

(2) Answer truthfully all inquiries by the PSO and follow her/his instructions and any additional Conditions imposed by her/him;

(3) Report to the PSO as directed by her/him;

(4) Not violate any law (federal, state, or local);

(5) Advise the PSO within 48 hours if arrested and/or questioned by any law enforcement officer;

(6) Attend school or work regularly at a lawful occupation unless excused by the PSO. If defendant becomes unemployed or is unable or unwilling to attend school, defendant shall notify the PSO within 24 hours. Defendant will obtain PSO approval prior to making any school or work changes;

(7) Notify the PSO at least ten days prior to any change of residence, and not make any such change without prior PSO approval. If defendant intends to move out of the Central District of California (Los Angeles, Orange, Riverside, San Bernardino, Ventura, Santa Barbara, and San Luis Obispo Counties), defendant must notify the PSO at least 30 days prior to the intended move so that the appropriate transfer of program responsibility can be made;

(8) Not purchase, possess, use, distribute or administer any narcotic or other controlled substance as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 801) or any paraphernalia related to such substances, without a prescription by a licensed medical practitioner, with the exception of marijuana, which defendant may not purchase, possess, use, distribute or administer in any form, even with a prescription;

(9) Permit the PSO to visit at any time at home or elsewhere;

(10) Not leave the Central District of California without prior permission of the PSO.

(11) Not knowingly enter or come within 100 feet of a federal building or within 100 feet of a federal law enforcement officer engaged in the performance of his or her official duties for an unlawful purpose or with the intent to protest, harass, or cause a disturbance, without prior permission of Pretrial Services. Notwithstanding the prior sentence, defendant is permitted to enter a federal building for legitimate business or governmental purposes, however, defendant must adhere to the building's rules and regulations at all times and follow the commands of any federal employee or officer, and defendant must leave the building immediately, and without a disturbance, if directed by a federal employee or officer. Any violations of this condition, whether intentional or inadvertent, shall be reported within 24 hours of occurrence.

**CONSEQUENCES FOR VIOLATING CONDITIONS OF DIVERSION**

Should defendant violate any of the conditions of diversion set forth above, the USAO may at any time: (1) revoke or modify any of the conditions of diversion; (2) lengthen the period of diversion; or (3) terminate diversion and reinitiate prosecution for the offense. Any decision to revoke, modify, lengthen, or terminate diversion rests solely with the USAO in its exclusive discretion. At the time the USAO makes any such decision, it will furnish counsel for defendant with written notice specifying the condition(s) of diversion defendant has violated and the reasons why diversion is being revoked, modified, lengthened, or terminated.

**TERMINATION FROM DIVERSION**

Should prosecution of defendant for the offense be reinitiated by the USAO, defendant agrees that any period of delay in prosecution occasioned by this Letter Agreement shall be excluded from consideration as to any rights defendant may have to a speedy trial under the Sixth Amendment to the United States Constitution, the Speedy Trial Act (18 U.S.C. §§ 3161 et seq.), the Federal Rules of Criminal Procedure (including Rule 48(b)), and/or the applicable statute of limitations.

Should prosecution of defendant for the offense be reinitiated by the USAO, the USAO agrees that neither this Letter Agreement nor any information obtained from defendant as the result of defendant's participation in diversion will be used against defendant in its case-in-chief, except that the USAO may:

(a) Use all information derived directly or indirectly from defendant's participation in diversion for the purpose of obtaining and pursuing leads to other evidence (including any information or data obtained from digital devices upon your client's disclosure of any passwords or PINs during diversion), which evidence may be used for any purpose, including any prosecution of your client;

(b) Use statements made by you or your client during defendant's participation in diversion and all evidence obtained directly or indirectly from those statements for the purpose of cross-examination should your client testify, or to refute or counter at any stage of the proceedings (including this Office's case-in-chief at trial) any evidence, argument, statement or representation offered by or on behalf of your client in connection with any proceeding;

(c) Disclose statements made by you or your client during defendant's participation in diversion and all evidence obtained directly or indirectly from those statements to the United States Probation and Pretrial Services Office and/or the Court, which may use such information for the purposes set forth in U.S.S.G. § 1B1.8(b) and for determining the sentence to be imposed; and

(d) Use any statements or information provided by your client in any prosecution for false statements, obstruction of justice or perjury.

**COMPLETION OF DIVERSION**

If, upon completion of defendant's Diversion Period, a diversion report is received by the USAO from Pretrial Services to the effect that defendant has complied with all the conditions of diversion set forth above, no criminal prosecution of defendant for the offense will be instituted by the USAO, and the USAO will move to dismiss with prejudice any citation, complaint, indictment, or information charging defendant for the offense.

The obligations of the USAO under this Letter Agreement are conditioned on the execution by you and defendant of a stipulation, in a form to be prepared by the USAO, requesting a

Docusign Envelope ID: 864B6BAF-3E37-8536-80A6-E350D677F7F8



continuance of the trial date in this matter to a date beyond the period of diversion, and agreeing that the interim period is excludable pursuant to the Speedy Trial Act, 18 U.S.C. § 3161 et seq.

In the Central District of California, Pretrial Services is located at the Roybal Federal Building, 255 East Temple Street, Los Angeles, California 90012. By executing this Letter Agreement, defendant acknowledges defendant's understanding that supervision of defendant's period of diversion may be transferred to another Judicial District and/or Branch Office of Pretrial Services.

This Letter Agreement will be effective only upon signature by the AUSA, defendant, and defendant's counsel.

TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

JENNIFER L. WAIER
Assistant United States Attorney
Chief Assistant United States Attorney &
Chief, Criminal Division

[signature] 5/6/2026

STEPHEN CHANG
Assistant United States Attorney
Date

I have read the agreement contained in this Letter Agreement and carefully reviewed it with my attorney. I understand it, and I voluntarily, knowingly and willfully agree to all of its terms, including in particular the specified conditions of diversion. I have not been subjected to any force, threat, or coercion in agreeing to the terms of this Letter Agreement, and no other promises or inducements have been made to me other than those contained in this Letter Agreement. I am satisfied with the representation of my attorney in this matter. I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Signed by:
[signature]
C09A458DA4694EF...

5/6/2026

CARLOS JIMENEZ
Date

[ADDITIONAL CERTIFICATIONS ON FOLLOWING PAGE]

Docusign Envelope ID: 864B6BAF-3E37-8536-80A6-E350D677F7F8



I am CARLOS JIMENEZ's attorney. I have carefully discussed every part of this Letter Agreement with my client. To my knowledge, my client's decision to enter into this Letter Agreement is an informed and voluntary one.

Signed by:
Ayah Sarsour
DD6C9FF524CA4E1...

AYAH SARSOUR
CHAD PENNINGTON
Deputy Federal Public Defenders
Attorneys for CARLOS JIMENEZ

5/5/2026
Date

THE SIMON LAW GROUP, LLP
2916 W. 164th Street
Torrance, CA 90504
Tel: 310-914-5400 – Fax: 310-914-5401

# EXHIBIT "B"

TODD BLANCHE
Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Assistant United States Attorney
Chief Assistant United States Attorney &
Chief, Criminal Division
STEPHEN CHANG (Cal. Bar No. 312580)
MARK K. KANOW (Cal. Bar No. 323681)
Assistant United States Attorneys
3403 Tenth Street, Suite 200
Riverside, California 92501
Telephone: (213) 894-7280
Facsimile: (213) 894-0141
E-mail: stephen.chang@usdoj.gov
mark.kanow@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARLOS JIMENEZ,<br><br>Defendant. | No. 5:25-cr-00366-KK<br><br>ORDER TERMINATING DEFENDANT'S SUPERVISION AND DISMISSING INDICTMENT BASED ON SUCCESSFUL COMPLETION OF DIVERSION |

The Court has read and considered the government's unopposed motion to dismiss the indictment with prejudice pursuant to Federal Rule of Criminal Procedure 48(a). The Court finds that there is good cause to dismiss the indictment in the interests of justice.

Accordingly, IT IS HEREBY ORDERED that the indictment is dismissed with prejudice against defendant in the interest of justice.

//

Case 5:26-cr-00365-KK Document 1 Filed 11/02/26 Page 2 of 4 Page ID #:3

Defendant’s bond shall be exonerated, and any terms and conditions of pretrial release shall be terminated.

IT IS SO ORDERED.

November 2, 2026
DATE

HON. KENLY KIYA KATO
UNITED STATES DISTRICT JUDGE

Presented by:

/s/
STEPHEN CHANG
Assistant United States Attorney

THE SIMON LAW GROUP, LLP
2916 W. 164th Street
Torrance, CA 90504
Tel: 310-914-5400 – Fax: 310-914-5401

# EXHIBIT "C"

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>CARLOS JIMENEZ<br>Defendant. | Case No. 5:25-cr-366-KK-1<br><br>**Order**<br>**[NOTE CHANGES BY COURT]** |

Having good cause shown, the Court hereby grants defendant's motion to compel and orders the government to produce:

(1) all communications, including but not limited to text messages and e-mails, by any officer, agent, or other government official, relating to this incident. If there are no responsive text messages or e-mails from officer Ortiz, the Government shall provide a declaration signed under penalty of perjury by officer Ortiz.;

(2) Any written group communications (including text messages and similar communications), operations directives, or disseminated memoranda regarding HSI/CBP/ICE/ERO operations in the City of Ontario and in San Bernardino County on October 28, 2025, through November 5, 2025. To the extent all

discoverable material has been produced, the Government shall provide a declaration signed under penalty of perjury attesting to this claim.;

(3) Information regarding any oral directives disseminated regarding HSI/CBP/ICE/ERO operations in the City of Ontario and in San Bernardino County on October 28, 2025, through November 5, 2025. To the extent all discoverable material has been produced, the Government shall provide a declaration signed under penalty of perjury attesting to this claim.;

(4) A copy of the current HSI/CBP/ICE/ERO employee manual(s) to include any manuals regarding the following topics: use of force, and effecting warrants and arrests. Once production of this material is complete, the Government shall provide a declaration signed under penalty of perjury attesting to this fact.;

(5) All discovery pertaining to the HSI/CBP/ICE/ERO policies regarding the use of government vehicles in arrest matters and effectuating arrests. Once production of this material is complete, the Government shall provide a declaration signed under penalty of perjury attesting to this fact.;

(6) All written and oral communications between the San Bernardino Sheriff's Department and any responding Ontario City Police Officers and HSI/CBP/ICE/ERO in advance, during, and after Mr. Carlos Jimenez October 30, 2025, arrest. To the extent all discoverable material has been produced, the Government shall provide a declaration signed under penalty of perjury attesting to this claim.;

(7) All interagency emails, correspondence, communications, reports, or memoranda relating to Mr. Carlos

[Jimenez] or the incident regarding Mr. Carlos Jimenez. Once production of this material is complete, the Government shall provide a declaration signed under penalty of perjury attesting to this fact.; and

(8) All communications conducted on both government and personal phones in the possession by all agents involved in the investigation related to the incident. To the extent the personal phones do not contain any communications related to the incident, the Government shall produce a declaration signed by each law enforcement agent involved attesting to that claim.

The government is ordered to produce this material within seven (7) days of the date of this Order. Failure to comply will result in sanctions which may include adverse instructions and evidentiary sanctions such as exclusion of witnesses and/or evidence.

IT IS SO ORDERED.

DATED: May 5, 2026

By ______________________________
HONORABLE KENLY KIYA KATO
United States District Judge

Presented by:

/s/ Ayah Sarsour
Ayah Sarsour
Deputy Federal Public Defender